74120, 74121. WATKINS v. LASER/PRINT-ATLANTA, INC.
et al.; and vice versa.
(358 SE2d 477)

SOGNIER, Judge.

Charles L. Watkins, III, brought suit against his former employer, Laser/Print-Atlanta, Inc., and three of its employees, David Waugh, Mark Graves, and David Pinney (hereinafter collectively referred to as Laser/Print). Watkins later voluntarily dismissed Pinney from the suit and added Rene Cote, president of Laser/Print, as a defendant. The suit alleged damages resulting from libel, slander, malicious prosecution and malicious arrest. The trial court granted partial summary judgment in favor of Laser/Print on the malicious prosecution and malicious arrest counts, and denied Laser/Prints's motions for summary judgment on the libel and slander counts. All parties appeal.

The record reveals that Watkins left Laser/Print's employ in 1984 to work for a competitor. Prior to his departure Watkins and Graves had a heated conversation concerning Watkins' resignation. After Watkins left, certain Laser/Print computer programs were discovered to be missing. Laser/Print swore out warrants against Watkins, who was arrested on charges of terroristic threats and theft by taking of computer software.

1. In case number 74120, the main appeal, Watkins contends the trial court erred by granting partial summary judgment to Laser/Print on the malicious prosecution and malicious arrest counts. Watkins argues that contrary to the trial court's finding otherwise, the criminal cases against him have been abandoned, constituting a termination favorable to him. We do not agree. It is uncontroverted that subsequent to Watkins' arrest, the warrants were placed on the "dead docket." Since four years have not elapsed since the warrants were issued, nothing prevents the district attorney from proceeding with a prosecution. See OCGA § 17-3-1 (c). "The present disposition simply does not constitute an abandonment and/or termination of the proceeding, absent a subsequent formal entry of dismissal of the criminal charges. [Cits.]" *McCord v. Jones*, 168 Ga. App. 891, 893 (311 SE2d

209) (1983). The order of the Gwinnett County Superior Court releasing the cash bond posted by Watkins is not such a "formal entry of dismissal." Since termination of the prosecution in Watkins' favor is an essential element of his claims for malicious prosecution and malicious arrest, *Medoc Corp. v. Keel*, 166 Ga. App. 615 (1) (305 SE2d 134) (1983); see also *McCord*, supra, the trial court properly granted summary judgment in favor of Laser/Print on these counts.

2. In case number 74121, the cross appeal, Laser/Print first contends the trial court erred by denying its motion for summary judgment as to the libel count. Laser/Print argues the only written defamation alleged attributable to Laser/Print is the warrant signed by Graves which, under the provisions of OCGA § 51-5-8, is absolutely privileged. It is well established that an affidavit before a magistrate, made for the purpose of causing an arrest, will not support an action for libel, though falsely and maliciously made. *Francis v. Wood*, 75 Ga. 648 (1886). "[T]he affidavit upon which the warrant issued affords no basis for a recovery under a defamation theory. [Cit.]" *Tetrault v. Shelton*, 179 Ga. App. 746, 747 (1) (347 SE2d 636) (1986). The remedy where such an affidavit is falsely and maliciously sworn lies rather in the torts of malicious arrest and malicious prosecution (the elements of which we have decided, in Division 1, Watkins failed to show). Although Watkins' deposition also contains an allegation that the separation notice filed by Laser/Print with the Georgia Department of Labor was defamatory, OCGA § 34-8-11 provides that this writing is absolutely privileged as well. See also *Georgia Power Co. v. Busbin*, 242 Ga. 612, 616 (7) (250 SE2d 442) (1978). As it appears that all instances of libel alleged were privileged absolutely, Laser/Print was entitled to judgment as a matter of law, and the trial court erred by denying its motion for summary judgment as to the libel count. OCGA § 9-11-56 (c).

3. Laser/Print next contends the trial court erroneously denied its motion for summary judgment on the slander count. Three instances of slander were alleged by Watkins. First, Watkins alleged that a co-worker, Pam Davis, was told by Graves that Watkins had been arrested. Second, Watkins alleged that in a telephone conversation between Graves and Watkins' new employer, Graves called Watkins a thief. In addition (although not briefed or argued by Laser/Print), Watkins alleged that a telephone conversation between Laser/Print and a prospective employer was defamatory, and resulted in cancellation of a scheduled job interview.

Laser/Print argues that the information imparted to Davis is not slander because Graves told Davis only that Watkins had been arrested, which was true. It is axiomatic that truth is an absolute defense in a defamation action, OCGA § 51-5-6, and we therefore agree with Laser/Print that as to the publication to Davis, no slander oc-

curred. We do not agree, however, with its argument that because the telephone call from Graves to Watkins' new employer was privileged, no slander existed. The privilege asserted by Laser/Print is that set forth in OCGA § 51-5-7 (3) as to "[s]tatements made with a good faith intent on the part of the speaker to protect his interest in a matter in which it is concerned." Even assuming, arguendo, that the statement was so privileged, this privilege is conditional rather than absolute, *Fedderwitz v. Lamb*, 195 Ga. 691 (25 SE2d 414) (1943), and it remains for a jury to determine whether the intention was such as to make the defense complete. *Holmes v. Clisby*, 118 Ga. 820, 825 (3) (45 SE 684) (1903). This rationale applies as well to any conversation between Laser/Print and the prospective employer, should Watkins prove that any such conversation took place. The trial court therefore did not err by denying Laser/Print's motion for summary judgment as to the slander count.

4. Laser/Print finally contends the trial court erred by allowing the addition of Rene Cote, a new defendant, to relate back to the time of filing the initial complaint, thereby avoiding the bar of the statute of limitations as to him. "An amendment adding or changing a party may be allowed even though a separate action by or against that party would be barred by the statute of limitation. Pursuant to OCGA § 9-11-15 (c) . . . , the amendment relates back to the date of the original suit if the claim against the new party arose out of the 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,' and if 'within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.' This court has held that the movant may establish lack of prejudice by showing an 'identity of interest' between the old and the new parties and has also held that the party offering the amendment must demonstrate that he or she has not been guilty of inexcusable delay. [Cits.]" *Horne v. Carswell*, 167 Ga. App. 229, 230 (306 SE2d 94) (1983).

"The adding or dropping of parties requires the exercise of discretion by the trial court." *Cartin v. Boles*, 155 Ga. App. 248, 254 (5) (270 SE2d 799) (1980). Since Watkins properly moved the trial court for leave to add Cote as a defendant, see *Clover Realty Co. v. Todd*, 237 Ga. 821, 822 (229 SE2d 649) (1976), our consideration of this enumeration is restricted to whether the trial court abused its discretion in granting the motion. As it is uncontroverted that Cote accepted service of the lawsuit on behalf of the corporation as its president, he therefore knew or should have known of the institution of the action.

Further, Watkins' original complaint named Waugh as the president of the corporation, and thus we cannot agree with Laser/Print that there is no question here of a mistake about the proper parties. In view of the circumstances, we are unable to say as a matter of law that the trial court abused its discretion by allowing the addition of Cote as a party defendant, thus permitting the claims against him to relate back to the date of filing the original complaint.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 2, 1987.

*Genevieve L. Frazier*, for appellant.
*F. Clay Bush, George E. Duncan, Jr.*, for appellees.