S95A2017. DEMERY et al. v. GEORGIA REAL ESTATE COMMISSION.
(466 SE2d 591)

THOMPSON, Justice.

Appellants, Sylvia Demery and Gerald Graham, Sr., as parents and legal guardians of their daughter, Catherine Demery, a minor, brought a personal injury action against Toomer Realty Company, Inc., and Amos Johnson, in the Superior Court of Chatham County. In connection with that suit, appellants served appellee, Georgia Real Estate Commission, with a notice of deposition and a request for production of documents. The discovery request was aimed at obtaining information which the Commission compiled in an investigation of Toomer Realty's and Johnson's activities.[1]

Relying upon OCGA § 43-40-27 (d), the Commission moved for a protective order in the Superior Court of Fulton County. Appellants urged the superior court to deny the motion, asserting OCGA § 43-40-27 (d) is unconstitutional on due process grounds. The superior court was not persuaded. It ruled that OCGA § 43-40-27 (d) is constitutional and prohibits the discovery of information contained in the Commission's investigative files.[2] This appeal followed.[3]

---

[1] In 1994, as a result of its investigation, the Commission revoked the real estate licenses of Toomer Realty and Johnson. Some years earlier, Toomer Realty and Johnson were reprimanded by the Commission.

[2] Although it granted the Commission's motion for a protective order, the superior court ordered the Commission to produce any information which already had been made public.

[3] Generally, discovery orders are interlocutory and not directly appealable. In this case,

OCGA § 43-40-27 (d) provides, in pertinent part:

> The results of all investigations shall be reported only to the commission or to the commissioner, and the records of such investigations shall not be subject to subpoena in civil actions. Records of investigations shall be kept by the commission and no part of any investigative record shall be released for any purpose other than a hearing before the commission or its designated hearing officer, review by another law enforcement agency or lawful licensing authority upon issuance of a subpoena from such agency or authority or at the discretion of the commission upon an affirmative vote of all members of the commission, review by the respondent after the service of a notice of hearing, review by the commission's legal counsel, or an appeal of a decision by the commission to a court of competent jurisdiction.

Appellants assert the statute is unconstitutionally broad and violates due process because it is not rationally related to a legitimate governmental interest. We disagree.

In *Eubanks v. Ferrier*, 245 Ga. 763 (4) (267 SE2d 230) (1980), this Court decided that former Code Ann. § 88-3204 (presently OCGA § 31-7-133) did not violate due process. That Code section provided that, with the exception of documents available from original sources, the proceedings and records of peer review committees cannot be discovered or introduced into evidence in any civil action. The court reasoned that the statute was a state regulation for the public welfare, that it was reasonably related to a proper legislative purpose, and that the means selected by the legislature were realistically aimed at achieving that purpose.

As in *Eubanks*, supra, the statute in question is likewise a state regulation for the public welfare. The statute was designed to promote quality services in the real estate profession by preserving confidentiality and encouraging candor when the Commission investigates real estate licensees. It cannot be said that the statute does not have a reasonable relation to a proper legislative purpose. Nor can it be said that the means selected by the legislature were not realistically designed to achieve the legislative purpose. *Eubanks*, supra. See also *Morton v. Skrine*, 242 Ga. 844 (252 SE2d 408) (1979).

The mere fact that, unlike the statute in *Eubanks*, OCGA § 43-

---

however, the underlying action is pending in a different jurisdiction and the superior court denied discovery from an entity which is not a party to that action. Thus, the order is a final disposition of the only proceeding in the superior court and it is directly appealable. See Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d, § 2006.

40-27 (d) prohibits the discovery of *any* document in the possession of the Commission is of no import. Unless a statute is plainly unconstitutional, we must yield to the legislative choice because every presumption favors the constitutionality of a legislative act. *Davis v. Bd. of Ed. of Coffee County*, 203 Ga. 44, 45 (45 SE2d 429) (1947). A statute is not unconstitutional simply because the legislature carved no exceptions in it.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 19, 1996.

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

*Eugene C. Brooks IV, R. Stephen Flagler,* for appellants.
*Michael J. Bowers, Attorney General, Brenda H. Cole, Deputy Attorney General, John E. Hennelly, Assistant Attorney General,* for appellee.