A98A1477. SKOGLUND v. DURHAM et al.
(502 SE2d 814)

ELDRIDGE, Judge.

Plaintiff/appellant Frederick Skoglund sought to obtain his broker's license from the Georgia Real Estate Commission ("GREC"). Pursuant to OCGA § 43-40-27 (a), defendants/appellees Charles and Deborah Durham filed a Request to Investigate with the GREC wherein the Durhams allegedly contended that a jury had found Skoglund guilty of defrauding them. As a consequence, Skoglund filed an action against the Durhams in the Oconee County Superior Court, claiming that their statement in the Request to Investigate constituted defamation.

The trial court granted the Durhams' motion for a judgment on the pleadings as to the defamation action. The court found that "public policy warrants the imposition of an absolute privilege for communications made in the filing of a request for investigation with the GREC." Skoglund appeals this decision. *Held*:

"From motives of public policy the law recognizes certain communications and publications as privileged. The privilege which the law thus accords the speaker or publisher is either absolute, entirely freeing the party from any liability . . . or conditional, that is, the words shall be spoken in good faith, upon a proper occasion. When the privilege is absolute, the motive of the publication is immaterial. When the privilege is conditional actual malice will bring about liability." (Citations and punctuation omitted.) *Bell v. Anderson*, 194 Ga. App. 27, 28 (389 SE2d 762) (1989).

The issue before us is one of first impression. We are required to determine whether statements made in a Request to Investigate filed with the GREC pursuant to OCGA § 43-40-27 are entitled to absolute

privilege under OCGA § 51-5-8. We find that such statements are so entitled. Both (a) the criteria of OCGA § 51-5-8 and (b) the public policy rationale of OCGA § 43-40-27 compel this conclusion.

(a) Under OCGA § 51-5-8, "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought," are absolutely privileged. "It is clear from a review of past decisions that . . . we have not strictly limited the privilege under OCGA § 51-5-8 to 'pleadings' as they are defined under OCGA § 9-11-7 (a). Rather, the absolute privilege afforded by OCGA § 51-5-8 has been more broadly construed. . . . Indeed, we have generally described the coverage of the privilege to include 'official court documents' and acts of 'legal process.' " (Citations and punctuation omitted.) *Williams v. Stepler*, 227 Ga. App. 591, 595 (490 SE2d 167) (1997). Consequently, the privilege has been applied to protect, inter alia, allegations in affidavits, protective orders prepared by counsel, notice of lis pendens, an affidavit in support of an arrest warrant, the words of a judge in the course of a judicial proceeding, filings with the state employment agency, and other quasi-judicial proceedings in administrative tribunals.[1]

In determining whether a proceeding falls within the ambit of OCGA § 51-5-8, we look to the nature of the proceeding and the character of the rights which may be affected by it. This analysis includes but is not limited to the applicability of discovery, the existence of provisions for an evidentiary hearing, whether the merits of the complaint are to be reached during the course of the proceeding, and the scope of judicial review thereon. *Davis v. Shavers*, 225 Ga. App. 497, 498 (1) (484 SE2d 243) (1997), aff'd in 269 Ga. 75 (495 SE2d 23) (1998); see also *Phillips v. MacDougald*, 219 Ga. App. 152, 156-157 (464 SE2d 390) (1995).

Here, the proceeding upon a Request to Investigate filed pursuant to OCGA § 43-40-27 (a) provides that "upon the sworn written request of any person," the GREC may investigate a brokerage license applicant for alleged "fraudulent conduct or mishandling of funds held in a fiduciary capacity, or investigations of possible violations of this chapter [see OCGA § 43-40-25 (a)] which have been litigated in the courts or arise from litigation in the courts[.]" Under the statute, an initial investigation of the complaint is made and, if deemed necessary, provisions exist for the issuance of subpoenas to compel the production of "writings, documents, or material, either on

---

[1] See *Alcovy Properties v. MTW Investment Co.*, 212 Ga. App. 102 (1) (441 SE2d 288) (1994); *Bell v. Anderson*, 194 Ga. App. 27 (389 SE2d 762); *Conley v. Key*, 98 Ga. 115, 117 (25 SE 914) (1896); *Watkins v. Laser/Print-Atlanta*, 183 Ga. App. 172 (358 SE2d 477) (1987); *Land v. Delta Airlines*, 147 Ga. App. 738 (250 SE2d 188) (1978).

behalf of the commission or at the request of a respondent"; further, before any action may be contemplated against a respondent, a hearing is required on the merits of the complaint. OCGA § 43-40-27 (c). In addition, OCGA § 43-40-26 provides for judicial review in the superior court of the decision of the GREC and subsequent appellate review of the superior court determination. See OCGA §§ 43-40-26 (c); 50-13-19; 50-13-20. Accordingly, the "judicial nature" of the proceedings under OCGA § 43-40-27 renders applicable the privilege afforded by OCGA § 51-5-8 to a quasi-judicial proceeding. See *Morton v. Stewart*, 153 Ga. App. 636, 637 (1) (266 SE2d 230) (1980).

(b) Furthermore, public policy supports the application of an *absolute* privilege to a claim of fraud contained in a Request to Investigate. "The statute in question [OCGA § 43-40-27] is . . . a state regulation for *the public welfare*. The statute was designed to promote quality services in the real estate profession by preserving confidentiality and encouraging candor when the Commission investigates real estate licensees." (Citations and punctuation omitted; emphasis supplied.) *Demery v. Ga. Real Estate Comm.*, 266 Ga. 288, 289 (466 SE2d 591) (1996). In this regard, "[absolute] privilege is not intended so much for the protection of those engaged in the public service and in the enactment and administration of law, as for the promotion of *the public welfare*[.]" (Citations and punctuation omitted; emphasis supplied.) *Fedderwitz v. Lamb*, 195 Ga. 691, 696 (25 SE2d 414) (1943); see also, e.g., OCGA § 34-8-122.

Here, OCGA § 43-40-27 specifically states that "fraudulent conduct" is a basis for a Request to Investigate. The investigation of such conduct benefits the public welfare (and the GREC) by generating and maintaining the degree of public trust required in a profession that brokers the contractual obligations between home seller and buyer and that acts in a fiduciary capacity therefor. However, when the filing of a GREC Request to Investigate may result in a defamation suit, with its consequent time, money, and anxiety regardless of the merits, we agree with the trial court that a "chilling" effect may occur in the reporting of fraudulent conduct. Obviously, then, the public welfare sought to be enhanced by the statute would not be served.

Skoglund argues that "no citizen would have any cause to fear being sued if (1) their complaint was entitled to a conditional privilege, and (2) they made the report in good faith." However, this argument is not well taken. First, it contradicts Skoglund's other argument that this is an "overly litigious age" apparently because "[t]he courts are the means by which individuals settle their differences short of physical violence"; and further, it ignores the reality that the one against whom a complaint is lodged seldom agrees that such complaint is made in good faith, even if it was. With licensing (i.e.,

employment) on the line, it is not unlikely that a defamation suit would follow a GREC Request to Investigate fraudulent conduct, as much from tactical considerations and notions of quid pro quo, as from legitimate outrage.

On the other hand, OCGA § 43-40-27 provides a level of confidentiality which protects both the complainant and the respondent, making imposition of an absolute privilege even more germane to the statutory purpose. The statute "prohibits the discovery of any document in [the GREC's] possession" relating to the investigation of a complaint against a licensee or applicant. *Demery v. Ga. Real Estate Comm.*, supra at 290. Candor is the goal of such confidentiality, candor in the reporting of unprofessional conduct, as well as in the response to such report. Id. at 289. It would appear to make little sense for the legislature to provide a statutory scheme for policing the integrity of the real estate profession by reporting unprofessional conduct and then for this Court to stymie the process by permitting libel actions against those who do as contemplated by the statute and report such conduct.

Further, the level of strict confidentiality provided by OCGA § 43-40-27 also addresses Skoglund's concerns regarding complaints which contain "a malicious falsehood . . . [filed] by one whose only purpose is to injure a real estate professional." The confidentiality of the investigative procedures under the statute ensures that the GREC may discreetly review those claims made only for malicious purposes and dispose of them equally discreetly, thereby negating the traditional "libelous" consequences of the open destruction of one's reputation in the community. Only when an initial investigation reveals that a complaint has potential merit does the real estate professional actually become involved, and, even then, the statute provides for continued confidentiality in any further proceedings. OCGA § 43-40-27 (d); compare *Davis v. Shavers*, supra.

In point of fact, the strict confidentiality provided by the statutory scheme of OCGA § 43-40-27 promotes the application of absolute privilege under OCGA § 51-5-8. And, clearly, the public policy behind the policing of professionals who act in a fiduciary capacity, such as real estate professionals and legal professionals, makes it necessary for such professionals to understand that a less than flattering statement contained in a complaint before a regulatory body is a necessary, if somewhat vexing, part of the process of building and maintaining public confidence in their industry, regardless of the merits of the complaint. Indeed, in some professions, criticism comes with the territory.

Accordingly, the trial court properly granted a judgment on the pleadings as to Skoglund's defamation suit, because the suit was based upon a statement contained in a Request to Investigate filed

with the GREC pursuant to OCGA § 43-40-27, and, as such, the statement was absolutely privileged under OCGA § 51-5-8.

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED JUNE 29, 1998.

*Crowther & Green, James M. Green,* for appellant.
*W. Glover Housman, Jr.,* for appellees.