## A99A2042. NAIRON v. LAND et al.
(529 SE2d 390)

ELLINGTON, Judge.

Joe Nairon appeals the trial court's order granting summary judgment to G. Roger Land and the law firm of Starkey, Land & Crowley and the trial court's order dismissing the complaint against Robert C. Koski and the Koski Firm, P.C. in this abusive litigation suit. Nairon also appeals the denial of his motion for partial summary judgment based upon res judicata and collateral estoppel grounds. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). "[A] grant of summary judgment must be affirmed if it is right for any reason." *Bob v. Hardy*, 222 Ga. App. 550, 551 (1) (474 SE2d 658) (1996). "A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim." *Croxton v. MSC Holding, Inc.*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997). Our review of orders dismissing claims is also de novo. Id. And when, as here, the trial court does not recite the grounds upon which the court granted the motion to dismiss, if the judgment is authorized for any reason, it must be affirmed. *Gillis v. American Gen. Life &c. Ins. Co.*, 222 Ga. App. 891, 892 (476 SE2d 648) (1996).

Viewed in the light most favorable to Nairon, the record reveals that he filed suit against the defendants on November 13, 1995. His complaint alleged abusive litigation under OCGA § 51-7-80 et seq., intentional infliction of emotional distress, and negligent infliction of emotional distress. The claims against the defendants arose out of a suit brought against Nairon by a real estate developer, Steven Brock, and his firm, Brock Construction Company (collectively "Brock"). The defendants in the instant action are the lawyers who represented Brock in the underlying action which arose out of Brock's 1993 attempt to develop real estate.

In March 1993, Brock sought to have commercial property rezoned so that he might develop a residential subdivision. Nairon and other members of a neighborhood committee made written and

oral statements in opposition to the development, statements Brock claimed were defamatory. Brock hired the defendants to identify those responsible for the statements and to sue them. On April 14, 1993, Brock filed a complaint for damages and equitable relief against Nairon. On June 22, 1994, the superior court found that whether the suit was a "SLAPP [Strategic Litigation Against Public Participation] suit" as defined under OCGA § 9-11-11.1, "it was clearly an illegal act of intimidation" and was an attempt to chill Nairon's First Amendment rights. Therefore, the court entered summary judgment in favor of Nairon. Brock filed a notice of appeal to this Court, and that appeal was docketed as Case No. A94A2731. During the pendency of that appeal, the trial court granted Nairon's motion for attorney fees pursuant to OCGA § 9-15-14 and awarded $15,016.07 against Brock and the defendants, jointly and severally. Brock and the defendants appealed the award of attorney fees, and the appeal was docketed here as Case No. A95A0388. On October 11, 1994, this Court entered an order allowing Brock to withdraw his appeal from the grant of summary judgment in Case No. A94A2731. We affirmed the award of attorney fees without opinion on February 2, 1995.

Nairon then sued Brock and the defendants for abusive litigation under OCGA § 51-7-80 et seq. Brock settled with Nairon and was dismissed from the suit. Land and his firm moved for summary judgment on April 3, 1996. Koski and his firm moved the court to dismiss the complaint for failure to state a claim. On February 22, 1999, the court entered an order granting summary judgment to all defendants and denying Nairon's motion for partial summary judgment. On March 4, 1999, the court entered a "clarification order" granting Koski's motion to dismiss. This appeal followed.

1. An action for abusive litigation "requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." OCGA § 51-7-84 (b). The underlying civil proceeding in which the alleged abuse occurred, the SLAPP suit, terminated on October 11, 1994, the date on which the appeal from the order granting Nairon summary judgment was withdrawn. See *Scott v. Liberty Mut. Ins. Co.*, 168 Ga. App. 815 (310 SE2d 772) (1983) (discussing statute of limitation in former tort of malicious use of process). When the appeal was withdrawn, the trial court's order entering summary judgment became final. "It is clear that proceedings in the trial court are 'terminated' by the entry of a final judgment, after which time 'the cause is no longer pending in the court below.' OCGA § 5-6-34 (a) (1)." Id. at 816. Because the filing of a motion for attorney fees does not challenge the finality of the judgment on the merits or toll the time for filing a notice of appeal, OCGA § 5-6-38 (a), we hold that it

does not extend or suspend the termination date of the underlying civil proceeding for purposes of determining the date upon which the statute of limitation begins to run. Because Nairon's complaint was filed more than a year after the civil proceeding in which the abuse occurred terminated, it is time-barred. OCGA § 51-7-84 (b).

Nairon also alleged that the defendants' opposition to his motion for attorney fees and subsequent appeal of the award were abusive. Assuming, without deciding, that the defendants' assertions of fact in opposition to Nairon's motion for attorney fees and the subsequent appeal of the award fall within the ambit of "civil proceeding" as defined in OCGA § 51-7-80 (1), the trial court properly granted summary judgment on that claim as well. The record reveals that Nairon did not give the defendants notice of an abusive litigation claim arising out of that proceeding sufficient to allow the defendants' an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss their opposition to the motion or their appeal from the award. OCGA § 51-7-84 (a).

2. The trial court properly dismissed or granted summary judgment on Nairon's claims for intentional and negligent infliction of emotional distress. The gravamen of both emotional distress claims is the defendants' act of filing an abusive lawsuit. The abusive litigation statute provides the exclusive remedy for claims of abusive litigation. OCGA § 51-7-85. For the reasons cogently set forth in *Phillips v. MacDougald*, 219 Ga. App. 152, 155-157 (2) (g) (464 SE2d 390) (1995), we hold that a plaintiff is precluded from filing a claim of either intentional or negligent infliction of emotional distress as a remedy for abusive litigation.

3. Nairon also argues that the trial court erred in granting summary judgment because material issues of fact remain with respect to alleged "deprivation of property rights claims." These alleged claims, which are not set forth in the complaint or in an amendment to the complaint, were never argued or briefed below.

> [I]ssues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.

(Citations and punctuation omitted.) *Angell v. Hart*, 232 Ga. App. 222, 223 (2) (501 SE2d 594) (1998).

4. For the reasons discussed above, the trial court did not err in granting summary judgment to the defendants. Therefore, error enumerated regarding the denial of Nairon's motion for partial summary

judgment is moot.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 7, 2000 —

*Gary C. Harris*, for appellant.

*Zimmerman & Associates, James G. Killough, Shelby A. Outlaw*, for appellees.