### A04A0646. LAND v. BOONE et al.
(594 SE2d 741)

ELDRIDGE, Judge.

This is an appeal by G. Roger Land, an attorney, from the grant of summary judgment on his action for frivolous litigation under OCGA § 51-7-80 et seq. brought against David W. Boone, an attorney, and Joe Nairon, Boone's former client, based upon Nairon's frivolous litigation action against Land, which terminated in Land's favor and adversely to Boone and Nairon in *Nairon v. Land*, 242 Ga. App. 259 (529 SE2d 390) (2000). Finding no error, we affirm.

On April 14, 1993, Brock Construction Company, Inc. and Steve Brock sought to rezone land in a neighborhood and were opposed by Nairon and others from the neighborhood. Land and other attorneys not parties to this action represented Brock and his company in a defamation action and injunction against Nairon and others. On June 22, 1994, the trial court determined that the suit was a Strategic Lawsuit Against Public Participation ("SLAPP") action and granted Nairon summary judgment. Subsequently, on August 12, 1994, the trial court granted OCGA § 9-15-14 sanctions for the expenses of litigation to Nairon against Land, another counsel, and

Brock. The grant of summary judgment in the SLAPP action was appealed but was voluntarily dismissed. The discretionary appeal of the OCGA § 9-15-14 sanctions resulted in an affirmance of such sanctions without an opinion. On November 13, 1995, on behalf of Nairon, Boone filed an action under OCGA § 51-7-80 et seq. against Land and others for having brought the SLAPP action. On March 4, 2000, the trial court dismissed Nairon's action, which was affirmed in *Nairon v. Land*, supra at 259. Then, on September 14, 1999, the present action was filed by Land against Boone and Nairon for the action against Land.

On October 6, 1999, Boone answered and asserted good faith as a defense. On April 2, 2001, Boone filed his motion for summary judgment, affidavits, and discovery. Land opposed the motion and filed an affidavit with exhibits, the hearing transcript from *Nairon v. Land*, supra, and a deposition. On February 14, 2003, the trial court granted summary judgment to Boone and Nairon.

All of Land's enumerations of error contend in differing ways the same thing, i.e., that the trial court erred in finding both no evidence of malice and the absence of substantial justification in granting summary judgment to Boone to support an action under OCGA § 51-7-81. However, the trial court found that the record failed to create a disputed issue of fact as to both malice and lack of substantial justification; in the absence of fact issues as to both, the trial court properly granted summary judgment.

"[T]his statute is in derogation of common law and must be strictly construed against the party asserting the right of action under such Act." (Citations omitted.) *Davis v. Butler*, 240 Ga. App. 72, 73 (1) (a) (522 SE2d 548) (1999); see also *Kirsch v. Meredith*, 211 Ga. App. 823, 825 (440 SE2d 702) (1994). An action for frivolous litigation has only a one-year statute of limitation; actions with one-year statutes of limitation are not favored and are given such short period within which the action may be brought as evidence of such disfavor. See OCGA §§ 9-3-33; 51-7-84 (b). Thus, Land's failure to create a material issue of fact as to both elements of this action, malice and lack of substantial justification, required the grant of summary judgment.

a. For purposes of this Act, malice is defined as "mean[ing] acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." OCGA § 51-7-80 (5). Land has produced no evidence that shows that Boone acted with ill will toward him, but instead he seeks to show that Boone acted with an improper purpose

or wrongful purpose to prove malice, although the sanctions against Land had been affirmed by this Court.

Land contends that Boone's wrongful purpose was in seeking "to call Mr. Land [and others] to task, make them accept approbation, and apologize to your client" and that Boone emphatically agreed "[a]bsolutely." Such purposes of judicial vindication have always been part of the tort system, but the courts have used monetary damages as a symbolic substitute for what the law may not be able to achieve, contrition. Certainly the earlier award of OCGA § 9-15-14 expenses of litigation against Land failed to bring about such end.

To seek to bring a tortfeasor to contrition or penitence is not a wrongful purpose in tort law, because tort law came into existence as a legal substitute for blood feuds by bringing the matter into court where the feud could be controlled. The tort law allows the conviction of the tortfeasor and punishment through a civil action with the imposition of damages in the way of monetary compensation to achieve this end as a substitute for the tortfeasor's apology and contrition. Prosser, Law of Torts (3rd ed. 1964), Ch. 1, § 4, p. 17. Punitive damages are imposed as one means to penalize, punish, and deter a tortfeasor from certain levels of wrongful conduct and to deter repetition. OCGA § 51-12-5.1. Likewise, litigation costs and attorney fees are another means to punish misconduct in litigation. OCGA § 9-15-14. In fact, in the original SLAPP action, the trial court found such wrongful misconduct and imposed $15,016.07 in litigation penalties against Land and others for instituting and continuing such SLAPP action for a wrongful purpose, which was affirmed on appeal without opinion. *Brock v. Griffis*, 215 Ga. App. XXVI (1994).

A form of general damages is recoverable for injury to peace, happiness, or feelings of the plaintiff in the enlightened consciences of impartial jurors when the wrongful conduct has been intentional, wilful, or wanton, which is another way to achieve approbation and penitence through a verdict and damages in some amount when there has been no physical contact or special damages. OCGA § 51-12-6; *H. J. Russell & Co. v. Jones*, 250 Ga. App. 28, 31 (550 SE2d 450) (2001).

At common law and under our codification of the common law, a plaintiff who has his rights tortiously violated can vindicate his rights by bringing the tortfeasor to trial and having the party adjudicated a wrongdoer, seeking only nominal damages. Prosser, Law of Torts (3rd ed. 1964), Ch. 1, § 2, p. 13. Thus, to sue a tortfeasor to bring the defendants to public approbation and penitence by an adverse verdict for nominal damages has long been part of our common law. In this era of punitive damages that shock the conscience, seeking only nominal damages seems an anachronism. "Damages are given as compensation for injury; generally, such compensation is the

measure of damages where an injury is of a character capable of being estimated in money. If an injury is small or the mitigating circumstances are strong, nominal damages only are given." OCGA § 51-12-4. The law infers some damage from the tortious invasion of rights and allows nominal damages when there is no evidence of a particular loss to vindicate the rights of the plaintiff. See *Callahan v. Panfel*, 195 Ga. App. 891, 893 (4) (395 SE2d 80) (1990); *Ga. Power Co. v. Womble*, 150 Ga. App. 28, 32 (3) (256 SE2d 640) (1979). Breach of a duty imposed by law without other damages gives a right to recover nominal damages to vindicate such rights which are invaded. *Holmes v. Drucker*, 201 Ga. App. 687, 688 (1) (411 SE2d 728) (1991).

> [W]herever there is a wrong, there is a remedy to redress it; that every injury imports a damage in the nature of it; and if no other damage is established, the party injured is entitled to a verdict for nominal damages. . . . The law tolerates no further inquiry than whether there has been the violation of a right. If so, the party injured is entitled to maintain his action for nominal damages in vindication of his right.

(Citation and punctuation omitted.) *Nat. Exchange Bank of Augusta v. Sibley*, 71 Ga. 726, 734 (5) (1883). Therefore, Boone's purpose in bringing the action was not improper as recognized by the law. In fact, the wrongfulness and approbation associated with having a SLAPP suit dismissed and litigation sanctions imposed under OCGA § 9-15-14 have already attached to Land and have been affirmed by this Court.

b. Land contends that the trial court erred in finding that there was some justification in Boone's bringing the frivolous litigation against him and continuing the action. However, the trial court properly found that the issue of the final termination of the frivolous litigation was of first impression and was not without substantial justification. *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80 (387 SE2d 34) (1989); *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 796 (4) (359 SE2d 920) (1987).

OCGA § 51-7-84 (b) reads: "[a]n action or claim under this article requires the final termination of the proceeding[s] in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." "Substantial justification as used in OCGA § 9-15-14 has an identical meaning as under OCGA § 51-7-80 et seq. In fact, the General Assembly sought to harmonize the two statutes in language, and OCGA § 51-7-80 et seq. makes specific reference to OCGA § 9-15-14." *Davis v. Butler*, supra at 75 (1) (b). Final termination means an adjudication on the merits so that the action cannot be recommenced. See generally *Hallman v. Emory*

*Univ.*, 225 Ga. App. 247, 250 (1) (483 SE2d 362) (1997) (physical precedent only); see also *McCullough v. McCullough*, 263 Ga. 794, 795 (3) (439 SE2d 486) (1994) (final termination of action); *Stocks v. Glover*, 220 Ga. App. 557, 559 (2) (469 SE2d 677) (1996) (voluntary dismissal was not a final termination).

The Georgia anti-SLAPP statute, OCGA § 9-11-11.1, is a procedural statute that causes a dismissal without prejudice when there is no certificate or affidavit, or the certificate or affidavit is inadequate. See *Browns Mill Dev. Co. v. Denton*, 247 Ga. App. 232, 236, n. 2 (543 SE2d 65) (2000) (physical precedent only as to Division 1 but cited for Division 2).

> [Appellant] contends that the trial court's decision should have been made on summary judgment rather than a motion to dismiss. This was not necessary, however, in light of the clear mandate contained in the anti-SLAPP statute. In OCGA § 9-11-11.1 (b) and (c), the General Assembly has established a mechanism by which the threshold question of compliance with the anti-SLAPP statute is decided on motion to dismiss or motion to strike. This is analogous to the statutory mechanism of OCGA § 9-11-12 (b), which provides that *only* motions under Rule 12 (b) (6) for failure to state a claim are converted to summary judgment. Other motions under 12 (b), such as to dismiss for lack of jurisdiction or for insufficiency of process, are not subject to this statutory rule, and such a motion, even when tried on affidavits pursuant to OCGA § 9-11-43 (b), does not become a motion for summary judgment.

(Citation and punctuation omitted; emphasis in original.) *Metzler v. Rowell*, 248 Ga. App. 596, 600 (3) (547 SE2d 311) (2001); compare *Hawks v. Hinely*, 252 Ga. App. 510, 515-517 (2) (556 SE2d 547) (2001) (Case No. A01A1184 Division 2 was made moot by Division 1 so that Division 2 was dicta, and *Metzler v. Rowell*, supra at 600, was not considered in this subsequent opinion). Thus, in an anti-SLAPP suit dismissal, there is no adjudication on the merits, and the suit can be refiled. Id. Had the SLAPP appeal not been voluntarily dismissed, it is likely that the trial judge's grant of summary judgment, instead of dismissal, would have been reversed, because the issue was a defense in abatement. See *Metzler v. Rowell*, supra at 600. Under the facts as presented to this Court on appeal in *Nairon v. Land*, supra, a final termination on the merits had occurred when the appeal was dismissed, and the erroneously granted summary judgment became effective. *Nairon v. Land*, supra at 260-261.

In this case, the trial court correctly concluded that:

[t]his Court determines that there was a fair issue as to when the statute of limitations commenced running under OCGA § 51-7-80. Boone was faced with an issue of "first impression." See *Deutz-Allis*[, supra at 79]. Although the Court of Appeals later determined in *Nairon v. Land* that the abusive litigation claim against Land and others was outside the statute of limitations, under its facts the case was one of first impression in Georgia. Based [on *Owens v. Generali – U. S. Branch*, 224 Ga. App. 290, 294 (2) (480 SE2d 863) (1997), and *Kluge v. Renn*, 226 Ga. App. 898, 905 (4) (487 SE2d 391) (1997)], Boone's filing of the abusive litigation suit against Land was justified and proper given the absence of any clear authority under Georgia law as to precisely when the statute of limitations commenced under § 51-7-84 (b).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 11, 2004.

*James G. Killough*, for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., James D. Johnson, Goodman, McGuffey, Lindsey & Johnson, James F. Cook, Jr.*, for appellees.