## 35989. EUBANKS v. FERRIER et al.

MARSHALL, Justice.

In this case, we are called upon to decide the constitutionality of Code Ann. § 88-3204 (Ga. L. 1975, pp. 739, 740). The General Assembly enacted this statute in 1975 in order to make the records and proceedings of hospital medical review committees privileged and nondiscoverable. The appellant herein argues that this statute is both facially unconstitutional and unconstitutional as applied by the trial court. Although we sustain the constitutionality of Code Ann. § 88-3204, we do find that the trial court misconstrued and misapplied it. It is therefore unnecessary to decide whether the trial court's application of this statute would be constitutional.

1. The appellant, Ella Eubanks, is bringing this medical malpractice suit against appellee Dr. Frank L. Ferrier for the wrongful death of the appellant's husband.

Dr. Ferrier had treated the appellant's husband at appellee Cobb County Kennestone Hospital. The hospital's medical review committee conducted an investigation of Dr. Ferrier's treatment of the appellant's husband, and the findings of the committee were critical thereof. The appellant became aware of the findings of the committee, because various members of the committee discussed their findings with the appellant's attorney. The appellant's attorney then served subpoenas and notices to take depositions on the three doctors composing the committee.

The hospital filed a motion to intervene for the limited purpose of obtaining a protective order to prohibit any inquiry of the doctors into their activities as members of the medical review committee. The hospital requested that the scope of discovery as to one of the doctors, who had

previously treated the appellant's husband, be limited. The hospital requested that the discovery and testimony of the other two doctors be prohibited entirely.

The trial court granted the hospital's motion to intervene, and the court entered a protective order entirely prohibiting the discovery of the two doctors on the committee who had not treated the appellant's husband. Under the protective order, the discovery of the other doctor is limited solely to his treatment of the deceased, and the appellant is prohibited from questioning this doctor concerning any matter that arose from his service on the committee. A representative of the hospital is allowed to attend the deposition and examination of this doctor in order to protect the hospital's interest.

2. Code Ann. § 88-3201 defines "medical review committee" as ". . . a committee of a State or local professional society or of a medical staff or a licensed hospital, nursing home, medical foundation or peer review committee, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital or nursing home, which is formed to evaluate and improve the quality of health care rendered by providers of health service or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care or that the cost of health care rendered was considered reasonable by the providers of professional health services in the area."

Code Ann. § 88-3204 provides, "The proceedings and records of committees as described in the foregoing provisions of this Chapter, shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. However, information, documents, or records otherwise

available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings."

3. The purpose for the establishment of hospital medical review committees is to foster the delivery of quality health care services by providing a method for the in-house review of clinical work performed in the hospital. See Code Ann. § 88-3201. A hospital must establish some such method of reviewing clinical work performed therein in order to be accredited by the Joint Commission on Accreditation of Hospitals. See Joint Commission on Accreditation of Hospitals, Accreditation Manual for Hospitals, p. 186 (1973). Matchett v. Superior Court, 40 Cal. App. 3d 623 (115 Cal. Rptr. 317) (1974).

Statutes have been enacted in a majority of states conferring a privilege from discovery upon the proceedings of such committees, because of the concern that the candor necessary for the effective functioning of these committees would be destroyed if their proceedings were discoverable. See Hall, 1 Am. J. L. & Med. 245 (1975). See generally, Anno., Discovery of Hospital's Internal Records or Communications as to Qualifications or Evaluations of Individual Physician, 81 ALR3d 944 (1977). Courts considering the question have held that the enactment of such statutes represents a proper legislative choice between the competing public concerns of fostering medical staff candor, on the one hand, and impairing medical malpractice plaintiffs' access to evidence, on the other hand. Matchett v. Superior Court, supra; Tucson Medical Center v. Misevch, 113 Ariz. 34 (545 P2d 958) (1976); Oviatt v. Archbishop Bergan Mercy Hospital, 191 Neb. 224 (214 NW2d 490) (1974); Posey v. District Court, 586 P2d 36 (S. C. of Colo., 1978). In these cases, it has been held that the records and proceedings of the hospital medical review committees were immune from discovery

to the extent specified in the statute.

4. We uphold the constitutionality of Code Ann. § 88-3204 against the appellant's arguments that this statute infringes on her rights to due process, equal protection, and access to the courts.

The enactment of a statute such as Code Ann. § 88-3204 falls under the category of state regulation for the public welfare. State regulation in this area is not violative of the due process clause of the Fourteenth Amendment so long as the law has a reasonable relation to a proper legislative purpose, and the means selected have a real and substantial relation to the object sought to be obtained. West Coast Hotel Co. v. Parrish, 300 U. S. 379 (57 SC 578, 81 LE 703) (1937); Nebbia v. New York, 291 U. S. 502 (54 SC 505, 78 LE 940) (1935). As previously stated, the purpose for the enactment of Code Ann. § 88-3204 is to foster the delivery of quality medical services by preserving the candor necessary for the effective functioning of hospital medical review committees. We cannot say that this is not a proper legislative purpose, and making the records and proceedings of the medical review committees privileged and nondiscoverable certainly has a real and substantial relation to that object.

It cannot be said that the separate classification of medical malpractice actions is arbitrary or unreasonable under the equal protection clause. As held in *Hamby v. Neurological Assoc.*, 243 Ga. 698 (256 SE2d 378) (1979), ". . . the separate classification of medical malpractice actions is a rational exercise of the legislative power. Code Ann. Ch. 3-11." See also *Anderson v. Little & Davenport Funeral Home, Inc.*, 242 Ga. 751 (251 SE2d 250) (1978); *McAllister v. American Nat. Red Cross*, 240 Ga. 246 (240 SE2d 247) (1977).

Code Ann. § 88-3204 does not deprive the medical malpractice plaintiff of his or her right to access to the courts; it merely withholds from the plaintiff a certain type of evidence which would otherwise be available to him or her. Samuelson v. Susen, 576 F2d 546 (3d Cir. 1978); Good Samaritan Hospital Assn., Inc. v. Simon, 370 S2d 1174 (Fla. App. 1979); Scott v. McDonald, 70 FRD 568 (N. D. Ga. 1976).

Consequently, we hold that Code Ann. § 88-3204 is

not unconstitutional for any of the reasons assigned by the appellant.

5. Finally, we must decide to what extent under Code Ann. § 88-3204 the doctors who compose a medical review committee can be required to submit to discovery or give trial testimony in a civil action against the provider of professional health services arising out of matters which are the subject of evaluation and review by the committee.

It is clear that the doctors on the committee cannot be asked to answer questions or give testimony concerning the proceedings and records of the committee; nor can they be questioned concerning "evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions" taken by them as committee members. However, Code Ann. § 88-3204 also provides that information otherwise available from original sources is not to be construed as immune from discovery or use at trial merely because it was presented during committee proceedings; nor should a person who is a member of a medical review committee be prevented from testifying as to matters within his knowledge.

We agree with the trial court that, under this statutory language, the plaintiff's attorney should be allowed to question the doctor on the committee who had previously treated the plaintiff's husband concerning his treatment of him. However, we are also of the opinion that this language is broad enough to permit the calling of medical review committee members as expert witnesses, on the same basis as other expert witnesses,[1] and asking them hypothetical questions based on facts in evidence which are obtained from nonprivileged sources.

The protective order entered by the trial court is affirmed insofar as it permits the examination of one of the doctors on the committee concerning his previous

---

[1] If members of a medical review committee are called as expert witnesses to answer hypothetical questions, there should, therefore, be no reference to their membership on the committee.

treatment of the appellant's husband. The order is also affirmed insofar as it prohibits the questioning of any of the doctors concerning any matter that arose out of their service on the medical review committee. However, the order is reversed insofar as it prohibits the three doctors on the committee from being asked hypothetical questions based on facts in evidence which have been obtained from nonprivileged sources.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, P. J., who concurs in the judgment only.*

ARGUED MARCH 10, 1980 — DECIDED MAY 7, 1980.

*Johnson, Griffin & Jones, Albert E. Jones,* for appellant.

*Robert H. Cleveland, Joseph C. Parker, Roy E. Barnes, Gregory C. Chastain,* for appellees.

*Richard H. Vincent,* amicus curiae.