A92A1976. COBB COUNTY KENNESTONE HOSPITAL
AUTHORITY v. MARTIN et al.
(430 SE2d 604)

BIRDSONG, Presiding Judge.

In this suit by appellee Martin, who alleges that he is permanently disabled from an infection acquired at Kennestone Hospital, we granted interlocutory appeal to determine whether the trial court erred in compelling discovery of Kennestone Hospital's factual information regarding the infection rate at the hospital during the relevant time period, from the infection rate nurse who is a member of the hospital's peer review committee.

Kennestone Hospital contends that OCGA § 31-7-133 (a), which provides a privilege as to proceedings of a review organization of a health care facility, creates an "absolute embargo" (see *Emory Clinic v. Houston*, 258 Ga. 434, 435 (369 SE2d 913)) on the discovery of this matter, which is "the subject of evaluation and review by such organization." The hospital urges that under this statute "no person who

was in attendance at [such] meeting . . . shall be permitted or required to testify . . . as to any evidence or . . . matters produced or presented during the proceedings . . . or as to any findings, recommendations, evaluations, opinions, or other actions of such organization or any members thereof."

We conclude OCGA §§ 31-7-133 and 31-7-143 do not prevent plaintiff's discovery of the recorded data pertaining to the hospital's infection incidence during the relevant time period. The privilege is granted to "findings, recommendations, evaluations, opinions, or other actions" of a peer review committee. The statute expressly provides that "information, documents or records *otherwise available from original sources*" are not immune from discovery "merely because they were presented during [review proceedings], nor should any person who testifies before . . . or who is a member of such organization be prevented from testifying as to matters within his knowledge." (Emphasis supplied.) Martin seeks factual data from the original hospital records which the infection rate nurse used to compile the information she presented to the peer review committee, and under the language just quoted, this information is not privileged. See also OCGA § 31-7-143.

OCGA §§ 31-7-133 and 31-7-143 are designed to ensure effectiveness and competence of health organizations by providing an atmosphere for candor and constructive criticism within the organization, and can do so only by protecting professional peers' opinions and findings as to the competence or performance of members and employees. But the statute embraces the goal of encouraging medical staff candor at the cost of impairing plaintiff's access to evidence to which the law would otherwise give him access toward discovery of the truth; it is in derogation of the general liberal policy in favor of discovery and admissibility of probative evidence, and therefore should not be construed loosely or extended beyond its spirit and precisely stated limits. *Hollowell v. Jove*, 247 Ga. 678 (279 SE2d 430). To say otherwise would render health care facilities virtually immune to suit, by making privileged all factual information which the facility chooses to present or discuss at a peer review even though that information would otherwise be discoverable from its original source.

The information sought here is obtainable from "original sources," that is, hospital medical records and information within the knowledge of the infection rate nurse. Under OCGA §§ 31-7-133 and 31-7-143, what is not discoverable is the "infection rate nurse's" presentation and testimony before the review committee, or any findings, recommendations, evaluations, opinions, or actions of the committee or any member or the nurse herself; or records generated solely to provide peer review (see § 31-7-15 (d); *Georgia Hosp. Assn. v. Ledbetter*, 260 Ga. 477 (396 SE2d 488)), or information obtained exclu-

sively through or by the committee for investigation by peer review, that is, discovery relative to medical or peer review. *Emory Clinic v. Houston*, supra.

Although the trial court's order granting appellee's motion to compel is not specific as to what discovery is permitted, appellee suggests the information sought is the medical records of all persons hospitalized at Kennestone during the relevant time period. We caution that §§ 31-7-133 and 31-7-143 do not themselves provide that "original sources" are discoverable, but merely that the matter presented to the peer review committee is not privileged if it is obtainable from original sources. The medical records of all persons hospitalized at Kennestone during any period may be subject to their own confidentiality. See, e.g., OCGA § 31-7-285. Therefore, the scope of discovery should be limited to what is pertinent to the inquiry: not the medical records of all patients, but the infection incidence data among patients and medical records directly related thereto.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993 

*Barnes, Browning, Tanksley & Casurella, Benny C. Priest*, for appellant.

*Doffermyre, Shields, Canfield & Knowles, Robert E. Shields, Leslie J. Bryan, Eugene B. Chambers, Jr.*, for appellees.

