S93G1812. FREEMAN et al. v. PIEDMONT HOSPITAL et al.

(444 SE2d 796)

BENHAM, Presiding Justice.

Freeman, an anesthesiologist, and his professional corporation filed suit against Piedmont Hospital, its administrator, and Butler, the chairman of the hospital's anesthesiology department and a member of its credentials committee, alleging defamation and intentional interference with business relations. The basis of the suit was the content of a letter sent by the hospital administrator pursuant to OCGA § 31-7-8 to the Composite State Board of Medical Examiners ("the Board") after Freeman voluntarily resigned from Piedmont Hospital's medical staff. The letter attributed Freeman's resignation, in part, to disparaging reports concerning his performance made by Butler and another physician to the hospital's credentials committee. The letter indicated that the reporting physicians' actions were based primarily on concerns expressed by hospital nurses regarding Freeman's performance. When Freeman's application to join the staff at a Savannah hospital was denied "in view of the present controversy at Piedmont Hospital and the impending investigation by the [Board]," the present action ensued. The trial court denied plaintiffs' motion to compel discovery, and granted defendants' motion for summary judgment. After reversing the grant of summary judgment to Butler, the Court of Appeals upheld the denial of the motion to compel discovery, relying on the privilege against discovery of peer review proceedings contained in OCGA § 31-7-133 (a). See *Freeman v. Piedmont Hosp.*, 209 Ga. App. 845 (2) (434 SE2d 764) (1993).

While it is uncertain from the current state of the record in the present case whether or when peer review proceedings commenced, we granted certiorari to consider whether the Court of Appeals correctly affirmed the denial of the motion to compel discovery by con-

struing the privilege afforded by OCGA § 31-7-133 (a).

The statute at issue, OCGA § 31-7-133 (a), provides:

> Except in proceedings alleging violation of this article, the proceedings and records of a review organization shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action arising out of or otherwise directly related to the matters which are the subject of evaluation and review by such organization; and no person who was in attendance at a meeting of such organization shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such organization or as to any findings, recommendations, evaluations, opinions, or other actions of such organization or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such organization, nor should any person who testifies before such organization or who is a member of such organization be prevented from testifying as to matters within his knowledge; but such witness cannot be asked about his testimony before such organization or about opinions formed by him as a result of the organization hearings.

Enactment of § 31-7-133 (a) conferred a privilege from discovery upon a peer review organization's proceedings in order to foster the candor necessary for effective peer review, which is an essential element of providing quality health care services. See *Eubanks v. Ferrier*, 245 Ga. 763 (3) (267 SE2d 230) (1980) (construing similar language in OCGA § 31-7-143 as to medical review committees). This court examined the scope of the privilege from discovery in *Emory Clinic v. Houston*, 258 Ga. 434, 434-435 (369 SE2d 913) (1988), when it granted certiorari "to determine the scope of statutory prohibitions on the use of information *produced by* peer review and medical review groups in civil litigation." (Emphasis supplied.) In answering that question, this court concluded that the statutes "placed an absolute embargo upon the discovery and use of all proceedings, records, findings and recommendations of peer review groups and medical review committees in civil litigation," thereby reinforcing the need to preserve the candor essential to effective peer review.

However, the statute's provision for the confidentiality of the proceedings and records of a peer review committee is limited by its own terms, contained in its second sentence. While the statute pre-

cludes a party from discovering the proceedings and records of a peer review organization, it specifically authorizes a party to seek from original sources documents which the peer review organization examined, and to examine anyone who appeared before or was a member of the peer review organization, so long as the witness is not asked about the peer review proceedings. See *Hollowell v. Jove*, 247 Ga. 678 (b) (279 SE2d 430) (1981); *Eubanks v. Ferrier*, supra, Div. 5; *Cobb County Kennestone Hosp. Auth. v. Martin*, 208 Ga. App. 326 (430 SE2d 604), cert. den. 208 Ga. App. 909 (1993).

The statutory interpretation suggested by the special concurrence, intertwining OCGA § 31-7-132 (a) with § 31-7-133, would open the door of discovery too widely by stripping the entire peer review process of its confidentiality. OCGA § 31-7-132 (a) deals only with *immunity* from liability, and the fact that a plaintiff seeks to avoid an immunity defense by alleging the applicability of the malice exception does not convert the action into one "alleging violation of [OCGA §§ 31-7-130-133]" so as to provide for an exception to the confidentiality mandate. Allowing an allegation of malice to trigger the applicability of the exception to the confidentiality requirement would result in the opportunity for full discovery of peer review material in every such case. The use of a bare allegation of malice is not sufficient to elevate a plaintiff's access to evidence over this court's previously-stated preference for preserving the candor necessary for effective peer review. See *Eubanks v. Ferrier*, supra.

To the extent petitioners sought the records, proceedings, findings, and recommendations of the peer review organization, the trial court was correct in denying the motion to compel. However, not all the discovery sought by petitioners can be classified as the work product of the peer review organization or be considered as records or proceedings of the organization. Therefore, the Court of Appeals' affirmance of the trial court's denial of the motion to compel is reversed, and the case remanded with direction that it be further remanded to the trial court for reconsideration of the motion to compel in light of the guidelines set forth in § 31-7-133 and expounded upon herein.[1]

*Judgment reversed. All the Justices concur, except Hunstein, J., who concurs specially.*

HUNSTEIN, Justice, concurring specially.
While I agree with the majority that the Court of Appeals erred by affirming the trial court's denial of the motion to compel, I cannot concur with the rationale set forth by the majority to the extent that the majority's opinion can be read to hold that an exception to the

---

[1] As the statutory privilege prohibiting discovery is particular to peer review organizations, the privilege is not applicable where peer review has not occurred.

confidentiality of the peer review proceedings is not triggered by a "violation of this article" alleging that an individual peer review group member was motivated by malice in his peer review activity. This Court must construe these statutes so as to give meaning to every phrase, including the "exception" language in OCGA § 31-7-133 (a). See generally *Boyles v. Steine*, 224 Ga. 392, 396 (162 SE2d 324) (1968). While I agree the statute bestows on certain individuals immunity from criminal and civil liability arising out of their performance of peer review activities, the statute also contains an exception created by the legislature to accommodate those persons adversely affected by peer review activity motivated by malice. See OCGA § 31-7-132 (a). In such "proceedings alleging [a] violation of this article," i.e., malicious abuse of the peer review process, the otherwise shielded information is rendered discoverable. OCGA § 31-7-133 (a).

The purpose of OCGA § 31-7-133 is to "ensure effectiveness and competence of health organizations by providing an atmosphere for candor and constructive criticism within the organization," a purpose which can only be accomplished "by protecting professional peers' opinions and findings as to the competence or performance of members and employees." *Cobb County Kennestone Hosp. Auth. v. Martin*, 208 Ga. App. 326, 327 (430 SE2d 604) (1993). It does not serve "the goal of encouraging medical staff candor," id., to apply the discovery bar in OCGA § 31-7-133 to those claims asserting malicious use of a health organization's peer review activities as to the very members and employees whose competence and performance such peer review organizations are designed to oversee.

Accordingly, I can agree with the majority's implicit holding that evidence directly related to the matters raised in the peer review proceeding (as opposed to original source evidence) is not discoverable insofar as that holding applies to individuals, such as medical malpractice plaintiffs, whose liability claims are not based upon damages occasioned by maliciously motivated peer review activities. Because the Court of Appeals found sufficient evidence for a jury to infer that Butler maliciously used his "positional privilege" as a person charged with reporting nurses' concerns about doctors to Piedmont Hospital's peer review organization to interfere intentionally with appellants' business relations, *Freeman v. Piedmont Hosp.*, 209 Ga. App. 845, 848 (434 SE2d 764) (1993), I would apply the exception in OCGA § 31-7-133 (a) to the instant case and would find that appellants were entitled to the discovery sought.

DECIDED JULY 11, 1994.

*Jerry B. Hatcher,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, M. B. Satcher III,* for appellees.