A01A0586. McCALL v. HENRY MEDICAL CENTER, INC.
(551 SE2d 739)

JOHNSON, Presiding Judge.

Georgiana McCall filed a medical malpractice action against Henry Medical Center, Inc., Dr. Roberta Parker, and Ankle & Foot Clinic of Georgia, Inc. for damages arising out of a surgical procedure performed by Dr. Parker on the premises of the Medical Center. McCall claims that the Medical Center was negligent in granting medical privileges to Dr. Parker. The Medical Center objected to a number of McCall's discovery requests on the grounds that the requested material was privileged as part of its peer review process, and to other discovery requests on the grounds that the interrogatories were unduly burdensome and would not reasonably lead to the disclosure of admissible evidence.

McCall moved to compel discovery, and the Medical Center then moved for summary judgment. McCall asked the trial court to deny or defer the Medical Center's motion for summary judgment pending a ruling on her motion to compel. The trial court nevertheless granted the Medical Center's motion for summary judgment. The trial court declined to rule on McCall's outstanding motions to compel and to defer a ruling on summary judgment because it found those issues moot. McCall appeals.[1] For reasons set forth below, we vacate the trial court's grant of summary judgment to the Medical Center as premature and remand the case for consideration of McCall's motion to compel discovery.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[2] Our review is de novo.[3]

1. McCall claims that the trial court erred in granting summary judgment to the Medical Center and by refusing to rule on her outstanding motions to compel discovery and to defer summary judgment under OCGA § 9-11-56 (f). We agree.

---

[1] The trial court also granted the Medical Center summary judgment on McCall's claim of ostensible agency, but this claim is not pursued by McCall in this appeal.

[2] OCGA § 9-11-56 (c); Lau's Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991).

[3] Walker v. Virtual Packaging, 229 Ga. App. 124 (493 SE2d 551) (1997).

The trial court granted summary judgment to the Medical Center because it found that

> OCGA § 31-7-130 et seq; and OCGA § 31-8-140 [sic] both provide protection in peer review proceedings. In essence, the General Assembly has shielded providers, such as Defendant Henry Medical, from civil liability. In as much as Defendant Parker was not an employee of Defendant Henry Medical, any action, or inaction, by the peer review committee is not subject to this action.

We will first consider whether the trial court was correct in granting summary judgment to the Medical Center on these grounds.

The Medical Center argues that the trial court correctly ruled that it was entitled to summary judgment because the credentialing of Dr. Parker was performed by a peer review group conducting a peer review function; and the Medical Center is protected from civil liability for performing a peer review function, absent malicious intent. McCall argues that the medical peer review statutes do not shield a hospital for negligent credentialing of physicians.

The peer review statutes provide two different types of protection to members of medical care peer review groups. One is immunity from civil or criminal liability for performing peer review functions; the other is a prohibition against discovery of peer review group materials. The General Assembly intended "to provide protection for those individuals who are members of peer review groups which evaluate the quality and efficiency of professional health care providers and to protect the confidentiality of their records."[4]

The peer review liability protection is stated in OCGA § 31-7-132 (a):[5]

> No professional health care provider nor any individual who serves as a member or employee of a professional health care provider or review organization nor any individual who furnishes counsel or services to a professional health care provider or review organization shall be held, by reason of the performance of peer review activities, to have violated any criminal law or to be civilly liable under any law unless he was motivated by malice toward any person affected by such activity.

---

[4] OCGA § 31-7-130.

[5] OCGA § 31-7-141 provides immunity to medical review committees, but expressly does not apply to patient claims.

We agree with the Medical Center that the peer review civil liability protection extends to hospitals.[6] The Medical Center argues that a hospital which has established peer review for the credentialing of medical service providers will not be liable for the performance of the credentialing function. "Peer review" is defined as:

> the procedure by which professional health care providers evaluate the quality and efficiency of services ordered or performed by other professional health care providers, including practice analysis, inpatient hospital and extended care facility utilization review, medical audit, ambulatory care review, claims review, underwriting assistance, and the compliance of a hospital, nursing home, convalescent home, or other health care facility operated by a professional health care provider with the standards set by an association of health care providers and with applicable laws, rules, and regulations.[7]

The Medical Center also refers us to OCGA § 31-7-15 (a), which provides that a hospital is required to provide for "the review of professional practices in the hospital . . . for the purpose of reducing morbidity and mortality and for the improvement of the care of patients in the hospital." The review shall include: "The evaluation of medical and health care services or the qualifications and professional competence of persons performing or seeking to perform such services."[8] OCGA § 31-7-15 (b) provides the above review function may be performed by a peer review committee. The Medical Center argues that, having established that the evaluation and approval of Dr. Parker's staff privileges were performed by its Credentialing Committee, it is protected from liability from McCall's claim of negligent credentialing.

It is established that "a hospital has a direct and independent responsibility to its patients to take reasonable steps to ensure that staff physicians using hospital facilities are qualified for privileges granted."[9] McCall argues that the statutory interpretation put forward by the Medical Center would repeal by implication a hospital's duty to exercise reasonable care in granting medical privileges because no credentialing decision could be questioned if it was performed by a peer review committee.

---

[6] See *Fulton-DeKalb Hosp. Auth. v. Dawson*, 270 Ga. 376, 379 (2) (509 SE2d 28) (1998); OCGA § 31-7-131 (2) (K).

[7] OCGA § 31-7-131 (1).

[8] OCGA § 31-7-15 (a) (3).

[9] *Candler Gen. Hosp. v. Persaud*, 212 Ga. App. 762, 766 (2) (442 SE2d 775) (1994) (physical precedent only).

We do not believe that the General Assembly has indirectly eliminated, through peer review immunity, a hospital's responsibility to its patients to exercise reasonable care in ensuring that medical care providers are qualified. The ultimate purpose of the peer review law is to improve the delivery of medical care to the patient. "It was never intended that the peer review process be used in such a way as to effectively bar a plaintiff's tort action."[10] Mindful of the foregoing, we find that the definition of "peer review" contained in OCGA § 31-7-131 (1) addresses the evaluation of the quality and efficiency of actual medical care services and does not encompass the credentialing process to the extent that every decision to extend or maintain staff privileges is a peer review function. OCGA § 31-7-15 requires that a hospital establish professional practice review; it does not expand the civil immunity otherwise afforded to peer review groups who may perform the review. Even though it appears that a Medical Center peer review committee may have approved Dr. Parker, it does not follow that McCall's cause of action must fail. Civil immunity will not extend to a peer review committee which is not performing a peer review function.[11] We do not hold that no aspect of the credentialing process is a peer review function, especially if the process involves the evaluation of a physician's performance of an actual medical procedure, but summary judgment is not warranted merely because a peer review committee has approved Dr. Parker, and this appears to be the basis for the trial court's grant of summary judgment.

In its ruling, the trial court also stated that the Medical Center was not subject to this action because Dr. Parker was not an employee of the Medical Center. McCall argues that this is an erroneous statement. We agree that whether Dr. Parker was an employee of the Medical Center or an independent physician will not affect McCall's claim because negligent credentialing is not dependent on a master-servant relationship.[12] The employment or direction of a physician by a hospital may be important in establishing other causes of action, such as negligent supervision,[13] but it is not relevant here. The Medical Center nevertheless argues this distinction is important because material that might otherwise be discovered as original source material related to employment is not available here. Even if employee records do not exist, other similar administrative records may; in any case, the employment status of Dr. Parker is not relevant to the Medical Center's duty to McCall.

2. Although we have found that the trial court was mistaken in

---

[10] *Emory Univ. Hosp. v. Sweeney*, 220 Ga. App. 502, 506 (469 SE2d 772) (1996).
[11] *Fulton-DeKalb Hosp. Auth.*, supra.
[12] See *Mitchell County Hosp. Auth. v. Joiner*, 229 Ga. 140 (189 SE2d 412) (1972).
[13] *Butler v. South Fulton Med. Center*, 215 Ga. App. 809, 811 (1) (452 SE2d 768) (1994).

its stated reasons for granting summary judgment to the Medical Center, in an appeal of a grant of summary judgment we review the record de novo, and the Medical Center claims that it is entitled to summary judgment on the record. The Medical Center argues that McCall has failed to come forward with evidence to support her claim of negligent credentialing, while the Medical Center has introduced evidence of its compliance with accepted medical credentialing procedures. The Medical Center presented the affidavit of its medical staff coordinator. She testified that the credentialing process used by the Medical Center in extending staff privileges to physicians was adopted pursuant to the criteria of the Joint Commission for the Accreditation of Healthcare Organizations ("JCAHO"). She further testified that the Medical Center used the JCAHO procedures in its decision to extend medical privileges to Dr. Parker.

We have affirmed summary judgment in negligent credentialing cases in which a hospital demonstrated that it had a procedure in place, approved by the JCAHO, for evaluating the credentials of staff physicians.[14] As the Medical Center has come forward with such evidence, it would be entitled to summary judgment on the record in the absence of other considerations. McCall, however, filed a motion to compel discovery after the Medical Center's response to its discovery request. After the Medical Center moved for summary judgment, McCall then made a motion under OCGA § 9-11-56 (f) to deny or continue the motion for summary judgment until the trial court had ruled on its motion to compel. The trial court never addressed these motions in its order, instead finding the remaining issues before it to be moot. McCall claims the trial court erred in not ruling upon and not granting her motion to compel discovery or her motion under OCGA § 9-11-56 (f) to deny or continue the Medical Center's motion for summary judgment. We agree that the trial court erred in failing to address these motions.

McCall argues that if she prevailed on her motion to compel, then she would have the opportunity to discover evidence allowing her to proceed to a jury trial. The Medical Center argues that the motion to compel is moot because (1) the peer review statutes prohibit McCall from discovering the peer group-related materials which the Medical Center has refused to provide, and (2) having established a JCAHO-approved procedure for evaluating physician credentials, the Medical Center has established reasonable care and is entitled to summary judgment even if the requested material is discoverable.

---

[14] Id.; *Sheffield v. Zilis*, 170 Ga. App. 62, 64 (1) (316 SE2d 493) (1984).

OCGA § 31-7-133 (a) provides:

the proceedings and records of a review organization shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action; and no person who was in attendance at a meeting of such organization shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings or activities of such organization or as to any findings, recommendations, evaluations, opinions, or other actions of such organization or any members thereof. The confidentiality provisions of this article shall also apply to any proceedings, records, actions, activities, evidence, findings, recommendations, evaluations, opinions, data, or other information shared between review organizations which are performing a peer review function. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such organization.

In *Cobb County Kennestone Hosp. Auth. v. Martin*,[15] we affirmed that a "matter presented to the peer review committee is not privileged if it is obtainable from original sources." We also noted the peer review restrictions are "in derogation of the general liberal policy in favor of discovery and admissibility of probative evidence, and therefore should not be construed loosely or extended beyond its spirit and precisely stated limits."[16]

Accordingly, while some of McCall's discovery may ask for privileged material, it appears from the record that some requested material may have been discoverable, and that the material may have been relevant to McCall's cause of action. We disagree with the Medical Center's contention that it would be entitled to summary judgment whatever discovery might show because it has established a JCAHO-approved procedure for approving physicians. Such an argument erroneously implies that it is not relevant whether McCall can show the Medical Center failed to follow this procedure. The Medical Center's reliance on *Sheffield*[17] and *Butler*[18] is misplaced. In these cases evidence of actual physician qualifications was introduced in

---

[15] 208 Ga. App. 326, 328 (430 SE2d 604) (1993).
[16] Id. at 327.
[17] Supra.
[18] Supra.

addition to compliance with JCAHO procedures, and the plaintiffs were afforded an opportunity to come forward with their own evidence.

The Medical Center argues that McCall's motion under OCGA § 9-11-56 (f) was not appropriate because her motion to compel was moot. This was the case in *Tuck v. Marriott Corp.*,[19] in which we held that "[a]lthough the grant of summary judgment while a motion to compel discovery is pending is generally not condoned, where, as here, the disallowed discovery would add nothing of substance to the party's claim, reversal is not required." *Tuck*, however, was a premises liability case in which any evidence adduced from the grant of the motion to compel would not change the result. In contrast, if McCall succeeds in her motion to compel, it could add substance to her case. Accordingly, McCall's motion to defer summary judgment under OCGA § 9-11-56 (f) should have been granted.

The parties differ with regard to whether we should address McCall's motion to compel. The Medical Center argues that we cannot address a matter not ruled on by the trial court.[20] Although the parties argue in their briefs about the interaction between the discovery rules and peer review statutes, they have done so without the benefit of a trial court ruling more narrowly framing the issues to the particular evidence subject to the motion to compel. Under the circumstances, it would be inappropriate for us to address the motion to compel in particularity.

We hold that McCall's motions to compel and to defer ruling on the Medical Center's motion for summary judgment were not moot and that the trial court erred in not considering them; the grant of summary judgment to the Medical Center was therefore premature. We vacate the judgment and remand the case to the trial court so that it may consider McCall's motion to compel.

*Judgment vacated and case remanded with direction. Ruffin and Ellington, JJ., concur.*

DECIDED JULY 2, 2001 —
RECONSIDERATION DENIED JULY 19, 2001 — 

*Curtis A. Thurston, Jr.*, for appellant.
*Nall & Miller, Robert L. Goldstucker, Meadows & Futch, Rod G. Meadows, Bonnie L. Baker*, for appellee.

---

[19] 187 Ga. App. 567, 569 (2) (370 SE2d 795) (1988).
[20] See *Meyer v. Super Discount Markets*, 231 Ga. App. 763, 768 (3) (501 SE2d 2) (1998).

*Alston & Bird, Jack S. Schroder, Jr., Kevin E. Grady, Angela T. Burnette, Mark L. Stuckey,* amici curiae.