**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A0777, A19A0778. PRESERVATION MANAGEMENT, INC. et al. v. HERRERA, AS CONSERVATOR OF B. W., A MINOR; and vice versa.

REESE, Judge.

After 12-year-old B. W. was sexually assaulted in a stairwell of an apartment complex known as Briarcliff Summit Apartments ("Briarcliff Summit"), her conservator (the "plaintiff"), sued the owners and management company of Briarcliff Summit (collectively, the "defendants"), for, inter alia, negligence in failing to keep it safe. The State Court of Fulton County denied the defendants' motion for summary judgment, and we granted their application for interlocutory appeal. The plaintiff filed a cross-appeal from the trial court's order, which also denied her motion to compel discovery and motion for sanctions based on the defendants' alleged spoliation of

evidence.[1] For the reasons set forth infra, we vacate the trial court's order, and remand this case for further proceedings.

Viewed in the light most favorable to the plaintiff, as the nonmovant on summary judgment,[2] the record shows the following facts. Briarcliff Summit has nine stories and 200 apartment units and, at the relevant time, provided Section 8 housing to residents who met certain criteria, including persons with physical and mental disabilities. The defendants had taken security measures at Briarcliff Summit, such as requiring visitors to sign in at the front desk of the building, maintaining a list of persons banned from Briarcliff Summit, requiring residents to use key fobs to enter the building, installing security cameras, and stationing a part-time security guard in the front lobby who periodically patrolled the building.

On October 15, 2014, Rafe Silver, a frequent visitor at Briarcliff Summit, sexually assaulted B. W. in a stairwell. It is undisputed that there were no security

---

[1] The trial court also granted in part and denied in part the plaintiff's motion to limit the testimony of the defendants' expert witness, John Roberts. Neither party appeals the court's rulings on this motion.

[2] See *Dodson v. Sykers Indus. Holdings*, 324 Ga. App. 871 (752 SE2d 45) (2013).

cameras in the stairwells. The police were summoned, and Silver ultimately pled guilty to rape and child molestation.

The plaintiff filed this premises liability action, alleging that the defendants had negligently failed to keep Briarcliff Summit safe and to properly protect their invitees, including B. W., under OCGA § 51-3-1. The plaintiff also alleged that the defendants had failed to provide adequate security.

After extensive discovery, the defendants moved for summary judgment, contending, inter alia, that Silver's intervening criminal act was not foreseeable because there was no evidence of previous, substantially similar criminal acts on or near Briarcliff Summit. The trial court heard oral argument on the defendants' motion, as well as the plaintiff's previously filed motion to compel discovery and motion for sanctions based on alleged spoliation of evidence.

In a June 28, 2018 order (the "June 28 Order"), the trial court denied the motion for summary judgment with respect to the plaintiff's premises liability claim, finding that a jury question existed as to whether the defendants should have foreseen the specific risk posed by Silver:

> A jury must determine whether [Silver] was a known security risk; whether he was banned from the property; whether [the defendants]

violated their own safety policies in a way that allowed him to commit the crime for which he was convicted, e.g.[,] by not having a security guard present at the front entrance that Silver used, by allowing him on the premises [of Briarcliff Summit] despite his status as a known security risk and/or banned person, if the jury should so find, and by not ensuring that Silver always had a resident escort when he was on [the Briarcliff Summit] premises, if the jury should so find.

The court found further that there was "evidence that the [Briarcliff Summit] premises were subject to doors being propped open, drug dealing, and homeless people finding access into the building on an ongoing basis, as well as some evidence of sexual crime in the past."

After we granted the defendants' application for interlocutory appeal from the denial of summary judgment (Appeal No. A19A0777), the plaintiff filed a cross-appeal (Appeal No. A19A0778) from the portion of the June 28 Order to the extent that it denied her motion to compel discovery and her motion for sanctions.

Because the cross-appeal affects our review of the summary judgment motion at issue in the appeal, we address it first, keeping in mind that "[a] trial court has broad discretion to control discovery, including the imposition of sanctions, and [we]

4

will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion."[3]

## Case No. A19A0778

In her cross-appeal, the plaintiff argues that the trial court erred in deciding her motion to compel without considering the merits, on the ground that there was no time to address the motion adequately prior to trial. The plaintiff also contends that the trial court erred in conditioning her right "to take certain spoliation-related depositions" by requiring that they be completed by July 10, 2018.

The plaintiff filed suit on June 22, 2016, and the discovery period began on July 25, 2016, after the defendants filed their answer. The trial court extended the discovery period and directed that discovery be completed by March 1, 2018, and all dispositive motions filed by April 1, 2018, with trial to begin on July 16, 2018.

On March 6, 2018, five days after the close of discovery, the plaintiff filed a motion to compel discovery and a motion for sanctions and requested oral argument on both motions, based on the defendants' spoliation of video surveillance footage,

---

[3] *Portman v. Zipperer*, 350 Ga. App. 180, 182 (1) (827 SE2d 76) (2019) citation and punctuation omitted); see also *Lovell v. Ga. Trust Bank*, 318 Ga. App. 860, 862 (1) (734 SE2d 847) (2012) ("As a general rule, we review the denial of a motion to compel discovery only for an abuse of discretion.") (citations and punctuation omitted).

"a notebook containing identification information and criminal trespass warnings for the individuals banned from the Briarcliff Summit premises prior to B. W.'s attack, and notebooks containing incident reports and security patrol logs prior to B. W.'s attack."

The defendants filed a motion for summary judgment on April 2, 2018, and on April 9, 2018, filed oppositions to the plaintiff's motions. The plaintiff responded to the summary judgment motion, and filed, inter alia, the affidavit of her attorney, Gilbert H. Deitsch.

Deitsch testified that on April 9, 2018, "[the defendants had] produced, for the first time, documents they claimed to have found in the storage room of [Briarcliff Summit]." Deitsch attached copies of the documents, which included crime incidents at Briarcliff Summit; crime incidents at "Bradford House Apartments [in] Maryland" for tenants who were either disabled, over 62 years old, or both; security daily reports and shift activity documents; and visitor sign-in logs.

The trial court heard oral argument on June 21, 2018, before entering the June 28 Order. On July 6, 2018, ten days before the scheduled trial date of July 16, the trial court entered a Certificate of Immediate Review, pursuant to OCGA § 5-6-34 (b), noting:

6

There is no question in [the trial court's] mind that the issue of liability in this case is of such importance that review should be had. Indeed, [a]ppellate opinion regarding foreseeability and notice in premises liability and negligent security cases is not entirely harmonized, and would benefit from [a]ppellate review before putting these parties through the stress and expense of trial.

### *Motion to Compel Discovery*

In denying the plaintiff's motion to compel discovery in the June 28 Order, the trial court agreed with the defendants that the plaintiff's request for discovery pertaining to prior sexual assaults on all properties the defendants owned, managed, or operated during 2009-2014 was "overbroad." The court continued:

This Court doubts that information from other properties would be duly burdensome, relevant, and admissible, without a great deal of searching inquiry to fashion an appropriate request and response. But given the late date that this issue has been raised, with trial only a few weeks away, there simply is no time to address this matter fairly and thoughtfully.

"In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months

7

after the filing of the answer."[4] This rule "makes the commencement and pursuit of discovery within the six-month discovery period a condition of using the trial court's compulsory process. It does not require the compulsory process itself to be requested within the discovery period."[5]

Under the circumstances presented here, the trial court abused its discretion in denying the plaintiff's motion to compel discovery without either reaching the merits or determining whether the desired discovery procedures had been promptly commenced, diligently pursued, and completed without unnecessary delay.[6] We note that, in light of the trial court's Certificate of Immediate Review, the trial court's reasoning that "with trial only a few weeks away, there simply is no time to address this matter fairly and thoughtfully[,]" is not compelling. Accordingly, we vacate the

---

[4] Uniform Superior Court Rule 5.1.

[5] *Fisher v. Bd. of Commrs. of Douglas County*, 200 Ga. App. 353 (1) (408 SE2d 120) (1991).

[6] See USCR 5.1; cf. *Leventhal v. Seiter*, 208 Ga. App. 158, 161 (1) (430 SE2d 378) (1993) ("Considering that the time period for completion of discovery, by consent of both parties, had expired approximately 15 months before the appellant's motion to compel discovery, and the motion was filed approximately 20 days before the scheduled date for trial, we find no abuse of discretion in the trial court's denial of the appellant's motion to compel discovery.").

June 28 Order to the extent it denied the plaintiff's motion to compel discovery and remand for further proceedings not inconsistent with this opinion.

### *Motion for Sanctions for Spoliation of Evidence*

2. In ruling on the plaintiff's motion for sanctions in the June 28 Order, the trial court noted that, after the plaintiff filed her motion, the defendants "found and produced the 'Banned Persons Notebook,' as well as incident reports and security logs." The trial court thus concluded, as a matter of law, that because that evidence had been produced, it was not spoliated. Accordingly, the trial court imposed no sanction pertaining to the notebook, incident reports, and security logs. The plaintiff does not challenge this ruling in her cross-appeal.

The trial court further found, inter alia,[7] that:

given that [the defendants had] repeatedly disclaimed possession of these materials, which only appeared once [the plaintiff] filed her motion for [sanctions, the trial court] will allow [the plaintiff] to depose

_____

[7] The trial court declined to find that the defendants had spoliated missing surveillance video, because the record did not show, "as a matter of law, that the specific portions which [the plaintiff sought] ever existed." The trial court determined, however, that the parties would be allowed to pursue evidence and testimony at trial regarding the retention of the surveillance footage, and the jury could decide whether the disputed footage ever existed; if so, whether it was spoliated; and, if so, whether to draw an adverse inference against the defendants. Neither party challenged any of these findings on appeal.

Thyrus Wilson and Geoffrey Green, at [the defendants'] expense, with relation to the evidence retention and production at issue in this specific motion, as well as the apparent discrepancies between the Banned Person Notebook and the security logs. [The plaintiff] shall depose both witnesses by close of business on July 10, 2018, or will have waived the right to do so.

As discussed in Division 1, supra, although trial was scheduled to begin on July 16, 2018, the trial court entered a Certificate of Immediate Review regarding the denial of summary judgment on July 6, 2018. The defendants filed an application for interlocutory appeal on July 16, 2018. In light of this timeline and our decision in Division 1, supra, we vacate the trial court's ruling on the motion for sanctions. Specifically, we vacate the July 10, 2018 deadline given in the June 28 Order and remand for further proceedings not inconsistent with this opinion.

*Case No. A19A0777*

3. The defendants argue that the trial court erred in denying their motion for summary judgment because they did not owe B. W. a duty to protect her from an unforeseeable assault on the grounds that the prior incidents of known crime on Briarcliff Summit were not substantially similar and that Silver did not pose an obvious danger.

10

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[8] We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant."[9] Further, "[a]s a general rule, this Court does not condone the *grant* of summary judgment while a motion to compel discovery is pending, unless it can be determined that the disallowed discovery would add nothing of substance to the party's claim."[10]

In light of our rulings in Divisions 1 and 2, on remand, the trial court could allow additional discovery that may add substance to the plaintiff's case. At this point, a de novo review of the denial of summary judgment would thus be premature. Accordingly, we vacate the portion of the trial court's June 28 order denying

---

[8] OCGA § 9-11-56 (c).

[9] *Dodson*, 324 Ga. App. at 871.

[10] *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 877 (1) (575 SE2d 673) (2002) (citation and punctuation omitted; emphasis supplied); see also *McCall v. Henry Med. Center*, 250 Ga. App. 679, 685 (2) (551 SE2d 739) (2001) (holding that the grant of summary judgment was premature because the trial court had erred in not considering the plaintiff's motion to compel and motion to defer ruling on the summary judgment motion).

11

summary judgment[11] and remand for further findings not inconsistent with this opinion.

*Judgment vacated and case remanded for further proceedings. Miller, P. J., and Rickman, J., concur.*

---

[11] The trial court granted the defendants' motion regarding the plaintiff's claim for private nuisance, finding that it was simply a premises liability claim under a different nomenclature and that there was no record evidence of nuisance. The plaintiff did not challenge this ruling in her cross-appeal.